JOAN FREEDMAN, Respondent, v NATHANIEL FREEDMAN, Appellant. —In a matrimonial action, the defendant husband appeals from stated portions of a resettled judgment of divorce of the Supreme Court, Nassau County, entered September 20, 1977, which, inter alia, awarded plaintiff a sum as reimbursement for necessaries and directed him to provide plaintiff with "comparable" living accommodations upon termination of the lease of the marital premises. Resettled judgment modified, on the facts, by (1) reducing the amount awarded therein for necessaries by $1,910.46 and (2) deleting the fourth decretal paragraph thereof, which directed defendant to provide "comparable" living quarters for plaintiff after the lease of the marital premises expires. As so modified, resettled judgment affirmed insofar as appealed from, with costs to plaintiff, and action remitted to Special Term for an immediate hearing in accordance herewith. The award for necessaries should be reduced by $1,910.46 because the bills represented by this sum are all in defendant-appellant's name and have not yet been paid by plaintiff-respondent. We note the fact that several of the bills in defendant's name are for telephone and fuel services. Since defendant is required to pay the maintenance expenses of plaintiff's residence, those delinquent bills should be promptly paid. The judgment of divorce directs that defendant provide "comparable" living quarters for plaintiff after the lease to the marital residence expires. Plaintiff presently leases the marital premises and the annual rental thereof, which defendant is obligated to pay, is $10,000. The lease expires in June, 1978. The house contains "five or six bedrooms" and four bathrooms, which appears to be somewhat extravagant

in view of the fact that plaintiff lives in the house with one minor child from a previous marriage. Moreover, in directing that defendant provide plaintiff with "comparable" living quarters after the lease expires in June, 1978, the Special Term did not clarify or delineate what it meant by the word "comparable". In our opinion, an immediate hearing should be conducted to ascertain precisely what living quarters are appropriate and necessary for, and available to, the plaintiff and the cost of renting same. Upon the completion of the hearing, an amended judgment can be entered delineating defendant's responsibility in this regard with suitable specificity. Suozzi, J. P., Gulotta, Margett and Hawkins, JJ., concur.